**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2094**

E.P.; JILL P.; ANTHONY P.,

Plaintiffs - Appellants,

v.

HOWARD COUNTY PUBLIC SCHOOL SYSTEM; BOARD OF EDUCATION
OF HOWARD COUNTY; DR. RENEE A. FOOSE, in her official capacity as
Superintendent of Howard County Public School System,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Ellen L. Hollander, District Judge. (1:15-cv-03725-ELH)

Submitted: May 31, 2018                    Decided: June 19, 2018

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Caitlin E. McAndrews, Alexandria, Virginia, Michael E. Gehring, Dennis C.
McAndrews, MCANDREWS LAW OFFICES, Berwyn, Pennsylvania, for Appellants.
Manisha S. Kavadi, CARNEY, KELEHAN, BRESLER, BENNETT & SCHERR, LLP,
Columbia, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, student E.P. ("E.P."), and his Parents, Jill P., and Anthony P. ("the Parents" or jointly with E.P. "Appellants"), appeal from the district court's order granting summary judgment to Howard County Public School System ("HCPSS") defendants in the Appellants' action for review of the Administrative Law Judge's ("ALJ") determination that HCPSS's evaluations were appropriate and complied with the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 to 1482 (2012) ("IDEA"). On appeal, the Appellants also contend that the district court erred in denying their motion to supplement the record with a new independent neuropsychological educational evaluation report on E.P., that the court erred in affirming the ALJ's decision to quash subpoenas requested by the Parents, and that the court erred in affirming the ALJ's decision to admit a redacted evaluation report as impeachment evidence of the Parents' expert. Finding no error, we affirm.

We "review de novo the district court's order[s] granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the

2

nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have considered the parties' briefs, the Joint Appendices, and the administrative record provided, and find no reversible error in the district court's orders. We therefore affirm on the reasoning of the district court. *E.P. v. Howard Cty. Pub. Sch. Sys.*, No. 1:15-cv-03725-ELH (D. Md. Oct. 25, 2016; Aug. 21, 2017).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*